Ruth WRIGLEY, Appellant,

v.

MISSOURI STATE DIVISION OF FAMILY SERVICES, Respondent.

No. 49127.

Missouri Court of Appeals, Eastern District, Division Three.

March 12, 1985.

Ann B. Lever, St. Louis, for appellant.

Paul Keller, Mo. Dept. of Social Services, Jefferson City, for respondent.

CLEMENS, Senior Judge.

Eighty-year-old Ruth Wrigley has appealed the Division of Family Services' order

ending her $225 monthly "Intermediate Care Facility" payments.[1] The order followed a report by the Division investigator's unchallenged findings on January 12, 1983, that Mrs. Wrigley's disability did not measure up to its requirement for intermediate care.

On April 21, 1983 Mrs. Wrigley sought review before the Division's director. On May 11, 1983 his deputy held a hearing and on May 24, 1983 the director issued his findings, conclusions and decision declaring: Two inspections showed claimant needed only minimal care; at the director's hearing claimant showed only nine points against the required 18 points for intermediate care; the evidence did not show claimant needed nursing care and her claim therefor was denied.

Mrs. Wrigley has appealed challenging the circuit court's affirmance of the director's denial of benefits. She contends the judgment is void because the rule on which her claim was denied had been legislatively suspended effective December 4, 1982. This was true as of the date of the investigator's report, January 12, 1983. However, the director's terminating order was made on May 24, 1983, and by then the suspension had expired, effective March 11, 1983.

That process raises the essential issue here: Which controls, the Division's investigator's report, or the denial order of the Division's director? To that we look to § 208.080.7. Summarized to delete extraneous parts the statute declares:

"The director of the division of family services shall give the applicant ... a fair hearing.... The hearing shall be conducted by the director of the division of family services or his designee. Every applicant or recipient, on appeal to the director of the division of family services, shall be entitled to be present at the hearing, in person and by attorney or representative and shall be entitled to introduce into the record of such hearing any and all evidence, by witnesses or otherwise, pertinent to such applicant's or recipient's eligibility between the time he applied for benefits or services and the time the application was denied or the benefits or services were terminated or modified, and all such evidence shall ... become a part of the applicant's or recipient's appeal record. Upon the record so made, the director of the division of family services shall determine all questions presented by the appeal, and shall make such decision as to the granting of benefits or services as in his opinion is justified and is in conformity with the provisions of the law. The director shall clearly state the reasons for his decision and shall include a statement of findings of fact and conclusions of law pertinent to the questions in issue."

We read that statute as giving the Director, not its investigator, power to make the order from which Mrs. Wrigley has appealed. As said above, the order was made after, not during, the suspension of the challenged order.

We affirm.

DOWD, P.J., and CRANDALL, J., concur.

---

1. Not at issue here is plaintiff's other $492 monthly income from Social Security and a railroad pension.